**BRUBAKER, Mayor, Village of Kettering, Plaintiff, v. MONTGOMERY COUNTY BOARD OF ELECTIONS, as individual members and as Board of Elections, Defendants.**

Common Pleas Court, Montgomery County.

No. 108,273.   Decided May 11, 1955.

Jack E. Staley, Dayton, for plaintiff.

Edgar J. Graef, Jr., Dayton, as Agent and Attorney for detaching petitioners representing himself.

Mathias H. Heck, Montgomery County Pros., By: John P. McHugh, Dayton.

## OPINION

By McBRIDE, J.:

It appears anomalous that this court should be requested to restrain the Board of Elections when the same matter was recently in the Court of Appeals in mandamus to compel the same Board to hold an election. We are advised that the Court of Appeals overruled the Board's demurrer, thereby finding that the petitioners for detachment alleged a cause of action and that thereafter the Board voluntarily reversed its decision as a result of which the mandamus action was dismissed, as moot, at the petitioners' request. Although the decision of the Court of Appeals on the demurrer of the Board legally interpreted the petition as requiring an election, there was no testimony and no final order, particularly as to the Village of Kettering which had been permitted to answer. Voluntary action of the Board of Elections and dismissal of the mandamus action in response to a decision on the Board's demurrer does not defeat the right of the Village to test the validity of the action of the Board of Elections. A decision on demurrer by the Court of Appeals as to the same subject, indicating that as a matter of law, refusal to call an election constituted an abuse of discretion, must be respected by this court in the absence of new or different facts even though the decision of the Court of Appeals may not be formally considered "res judicata".

Sec. 709.39 R. C. contains detailed provisions with respect to the contents, execution and filing of a petition for detachment from a village. The statute gives to the inhabitants within **any portion of the village,** such portion being (1) contiguous to an adjoining township and (2) comprising not less than 1500 acres, the right to petition for detachment. The petition for detachment must contain (a) an accurate description of the territory, (b) an accurate map or plat thereof, (c) the name of the township, if a new township is proposed, (d) the name of the agent of the petitioners and (e) signatures to such petition equal to fifteen percent of the total number of votes cast at the last general election in such territory.

The same section provides

"Within ten days after the filing of such petition with the board, the board shall determine whether the petition conforms to this section.

If it does not conform, no further action shall be taken thereon. If it does conform, the board shall order an election, * * *."

When the board finds that a petition conforms to the statute, the duty to order an election is mandatory. On demurrer in State of Ohio, ex rel, Graef v. Board of Elections, Montgomery County Court of Appeals, No. 2342, May 6, 1955.

This section of the statute is exclusive. **Leach v. Collins, 123 Oh St 530.**

Separation in school districts is a different provision of the statute and not applicable to this situation.

The court is aware of public sentiment against detachment in Kettering and, if we were not, it is apparent on the record of the Board of Elections, which originally and erroneously decided that it was morally obligated to follow a recent decision of the Supreme Court. **State, ex Brubaker, v. Brown, Sec'y of State, 163 Oh St 241.** That decision, not yet jounalized, is subject to the condition expressed in §703.06 R. C. which postpones Kettering's transition to city status for thirty days after the issuance of the proclamation by the Secretary of State. State of Ohio, ex rel, Graef v. Board of Elections, No. 2342. Sub H. B. 31, to enact §703.011 R. C. relating to the classification of municipal corporation, a proposal supported by the officials of Kettering, contains a similar provision allowing a thirty day period for the filing of detachments before city status is effective. The existing, as well as the proposed, thirty day delay in transition from village to city status is a clear and unambiguous expression of legislative intent as to a political matter. **Sec. 703.06 R. C.**

Courts do not have legislative power. They are reluctant to interfere with the election procedure or election officials, except to enforce rights or such mandatory or ministerial duties as the statute may require. Where the statute imposes a discretionary duty, courts will compel, but not control, the exercise of that discretion. A court of equity may intervene in the election procedure only where there is proof of a violation of statute, fraud or abuse of discretion.

The fact that a statute may be inadequate does not authorize a court to exercise any equitable jurisdiction. **State, ex rel, v. Board** (Kettering cases on appeal 1953), 65 Abs 547. The fact that such statute liberally allows detachments without the consent of the village or the majority of all its voters is a matter of legislative policy.

The power to detach is in its nature political or legislative rather than judicial. **Metcalf v. State, 49 Oh St 586.** A political issue must be decided in a political rather than a judicial forum, according to the rules fixed by statute and not by equities or personal opinions.

This case was heard, argued and submitted on the question of issuance of a temporary restraining order based upon "great and irreparable injury" to the plaintiff. The plaintiff is described in the caption as an individual, mayor of the Village of Kettering. The pleading does not allege any special facts as to the capacity of the plaintiff in bringing this action.

The testimony and arguments were directed to the merits, failing to develop or explain how failure to issue a temporary restraining order

would cause irreparable injury to the plaintiff in event he is successful on the merits. Proof of need for immediate, temporary relief is essential to invoke emergency equitable relief.

We are not permitted to decide this matter either on demurrer or its merits. If ultimately the opinion of the majority of the inhabitants is not in favor of the detachment, no harm can exist. If the majority are in favor of detachment, their right to vote has not been denied and the effect of such election and the procedure involved in accomplishing it, insofar as alleged in the petition, is pending before the court. The real issue in this case is not the loss or injury to the Village, as that is inherent in the statutory right to detach, but the issue is whether or not the right to detach has been exercised according to law.

The plaintiff alleges that the Board of Elections acted contrary to law in only two respects:

(1) That the map and description of the territory sought to be detached are both inaccurate and contrary to Section 709.39. No testimony of such inaccuracy was introduced other than a variance as to the number of acres which in any event is in excess of the amount required by statute.

(2) That the portion described and shown on the map is not contiguous to any adjoining township. The statute provides for detachment of

"* * * ANY portion of a village, SUCH PORTION being contiguous to an adjoining township, and * * *."

The statute contains no further restrictions, conditions or requirements as to the form of the area that may detach. Arguments that the portion must be homogeneous, with definite qualities of physical unity that would promote a useful and efficient political subdivision are not supported by the Ohio statute. We do not question the right of the legislature to impose suitable conditions upon the right to detach. It is sufficient to say that the legislature has failed to do so.

The area described is "contiguous" or touches an adjoining township in Montgomery County and one or more adjoining townships in Greene County. The Supreme Court has defined "contiguous" as "in actual contact; touching." **Cleveland v. Public Utilities Commission, 130 Oh St 503, 5 O O 174.** Words, said that court, must be given their plain and ordinarily accepted meaning, unless and until it is made manifest that a different meaning was intended by the enacting body. If there was any intent on the part of the legislature in this instance to give the words used a different meaning, such intent is not manifested. Arguments for such different meaning are based upon political or economic policy, a prerogative of the legislature, and not upon the statute which it is the function of the court to interpret and enforce.

The right to detach is initially given in the statute to "any" portion of a village. As indicated recently by the Supreme Court in **State, ex rel, v. Brown, 163 Oh St 241,** use of the word "any" tends to "create only an ambiguity with respect to the meaning of those statutory words." p 247. In this instance, we are not aided by a constitutional provision requiring a liberal interpretation. On the contrary, the insertion of two expressed conditions by the legislature upon the portion involved prohibits any construction which would create additional restrictions.

The decision in Newburgh Heights v. Franch, 28 O. C. A. 586, decided by the Court of Appeals for Cuyahoga County in 1918 is of interest because of similarity of the factual situation. In that case the court commented as follows:

"It is also averred that the description of the part sought to be detached follows no regular or well-defined lines, but was drawn in such a manner as to include in it the large manufacturing plants of said village and farm land containing but few residences and mercantile buildings, and that said attempt to detach was instigated by certain large corporations owning valuable property in said detached part. It is claimed that the detachment of said part was an unreasonable, arbitrary and an unfair division of the village, and that its detachment will work an irreparable injury to the village and its citizens." p. 587

   *     *     *     *     *

"This court might think and perhaps does think that it is the most unwise kind of legislation, but this consideration can in no way control our action. It is solely a question of power to enact a law, no matter whether the law be wise or otherwise, it is no concern of the court. Thus, in spite of the arbitrariness of the boundaries fixed for this detached territory; in spite of the damage that may be done to the remaining territory, it was within the province of the legislature to enact the law under which this detachment occurred, and in our opinion the statute under which the detachment took place is constitutional.

"We have no doubt that the situation which has occurred in this village is unfortunate, and we deeply deplore its occurrence, but our conclusion that the statute is constitutional deprives us of all power to consider the allegations of the petition to the effect that the line is arbitrary and unfair. **All that we can say upon this point is that the legislature did not see fit to define where such lines should run in its enactment and put no limitations upon the same.** All that the court can say from examination of this petition is, that the inhabitants of a certain territory wished to relinquish their village government and again become a township. The laws of Ohio provide for the gratification of this desire." p. 591, 592.

In **State, ex McKay, v. Board of Elections, 65 Abs 547**, the Court of Appeals for Montgomery County had this to say regarding earlier detachments in Kettering:

"The requisite conditions to the submission of the question of detachment of territory are that the portion of the village to be detached shall be contiguous to an adjoining township, and comprise not less than 1500 acres of land. **This seems to be the extent of the physical limitations in such a proceeding.**" p. 554.

A preliminary motion was filed by Edgar J. Graef, Jr., on behalf of the detaching petitioners to dismiss the case for lack of capacity of plaintiff to sue. Cited on his behalf was **Grall, Mayor, v. King, 14 Oh Ap 88**, which held that a mayor, as such, has no right to prosecute an action on behalf of the corporation. There is merit to this motion in view of the allegations missing from this petition, however, since the petition may be construed as an individual action, decision thereon is reserved in view of the action of the court on the request for a preliminary order.

Motion was made on behalf of the Board of Elections to strike the petition from the files for the reason that the subject is "res judicata" and that the petition fails to allege fraud or abuse of discretion. This motion is overruled because, as previously indicated, no final order was issued by the Court of Appeals on the mandamus action and the petition in this case does allege a failure to comply with the statute.

On the application for a temporary order to restrain the Board of Elections, the court finds that the plaintiff failed to establish irreparable injury as a result of any wrongful or illegal act and failed to establish his allegation of a violation of statute by the Board of Elections.

The application for a temporary order is denied.